DAVE WEBSTER, ET AL.

V.

A. M. SYNAN

Record No. 901389

June 7, 1991

Present: All the Justices

*John F. McGinley, Jr. (McGinley & Elsberg*, on brief), for appellants.

*George C. Rawlings, Jr. (A. Blanton Massey; R. Scott Pugh; Massey and Frackelton*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this action brought for the breach of an assignment of a real estate sales contract, the sole question on appeal is whether the plaintiffs established a *prima facie* case of damages for lost profits arising from the breach.

The facts are not disputed. On January 2, 1989, appellants Dave Webster and Geoff King, Trustees, executed a real estate sales contract agreeing to buy from Wildon Terrell and others approximately 170 acres of realty located in Caroline County for $517,400. The contract provided that time was of the essence and for settlement on June 20, 1989. The contract also provided that either the purchasers or the sellers had the right to assign the contract without prior approval of the other contracting parties.

On March 6, 1989, the purchasers executed an assignment of the contract to appellee A. M. Synan. The assignment provided that the real estate contract, "together with all right, title, and interest" of the purchasers, was "assigned, transferred, and set over" to Synan for $190,000.

The assignment also provided that it was "subject to a feasibility period entitling the Assignee to withdraw from this Agreement on or before March 10, 1989." It further provided for the payment of $20,000 by the assignee on March 10, 1989, with the balance of $170,000 to be paid on May 20, 1989. The assignment also provided: "Said assignment shall occur upon payment of all monies outlined below on or before [M]ay 20, 1989."

The assignee made the $20,000 payment when due, but failed to pay the remaining $170,000 due on May 20, 1989. On June 1, 1989, the assignors filed the present action against the assignee seeking recovery of $170,000. On June 20, 1989, the assignors

purchased the property on the terms and conditions agreed upon in the real estate sales contract.

In May 1990, this action was tried by the court sitting without a jury. Upon completion of the plaintiffs' case-in-chief, the trial court sustained the defendant's motion to strike the evidence. The court ruled that the assignment agreement was binding upon the parties, that the assignee breached his obligations under the agreement, and that the assignors were not estopped from proceeding against the assignee, even though they had purchased the property after the assignment was breached and still owned the property at the time of trial.

The trial court also ruled, however, that the plaintiffs had failed to prove any damages. The court noted that the "plaintiffs offered no evidence of damages other than the assignment contract itself, obviously proceeding on the theory that their damages are liquidated, in the sum of $170,000.00 — i.e., the $190,000 that the defendant promised to pay, less the $20,000 paid." We awarded the plaintiffs an appeal from the July 1990 order entering judgment for the defendant.

On appeal, the assignee argues that the trial court correctly sustained his motion to strike. Contending the parties to the assignment entered into a bilateral contract, the assignee observes that the assignors seek to have this Court "provide them with a windfall." He contends that the assignors seek to "recover the entire amount which Synan agreed to pay and . . . retain all which they had agreed to convey to Synan." Asserting that the assignors "show a fundamental misconception of [the] law of damages as it pertains to bilateral contracts," the assignee argues that a "party to a bilateral contract has no right to insist upon all of its rights under a bilateral contract while refusing to meet all of its obligations under that same contract."

The assignee argues that because the assignors "presently have title and possession of the subject property," and "still are in a position to convey" title to the assignee, the rules of damages "pertaining to a vendor in possession are applicable to the present case." He argues that "the law limits recoverable damages to actual losses," which "can be proven in two ways." According to the assignee, the plaintiffs can recover their actual expenses incurred by reason of defendant's default, or they may recover the loss incurred by defendant's failure to proceed, i.e., "the difference between the market value of the property at the time of the breach

and the contract price." The assignee notes that the assignors offered no such evidence.

We do not agree with the assignee's contentions. Our decision is controlled by the principles enunciated in *Atlantic Coast Realty Co. v. Townsend*, 124 Va. 490, 98 S.E. 684 (1919).

In that case, the plaintiff bought from the defendant's decedent the exclusive right to sell real property, for a period of one year. The plaintiff, a real estate company, agreed to spend its own money to prepare the land for development. The plaintiff was to be reimbursed for its expenditures out of the first proceeds of the sales, with the decedent to receive a fixed sum from the proceeds. The residue produced by the sales was to be divided equally between the plaintiff and the decedent. Reversing the trial court, this Court decided that the damages alleged as the result of the breach of contract by the decedent were not too remote or speculative.

The Court said: "The sole purpose of the contract was the acquisition of a profit." *Id*. at 508, 98 S.E. at 690. The Court stated that the rule "upon the general subject of profits as an element of damages in suits for breach of contract" is "that when contemplated profits constitute the sole purpose and object of the contract, and the plaintiff alleges a breach and a consequent loss of profits, he has stated a *prima facie* case, and is entitled to recover such amount as he can prove, with reasonable certainty, he would have made but for the breach." *Id*.

In the present case, the parties obviously contemplated that the sole purpose and object of the assignment was the acquisition of profit. On one hand, the assignors acquired a certain profit and became relieved of the burden of closing expenses by selling their rights in the real estate sales contract for $190,000. On the other hand, the assignee sought to acquire a profit by anticipating that the subject property would increase in value by more than the $190,000 he paid for the contract rights. Therefore, when the plaintiffs proved the assignment, its breach by assignee, and the net amount of the default of $170,000, the plaintiffs established a *prima facie* case of damages for lost profits. Accordingly, we hold that the trial court erred in sustaining defendant's motion to strike made at the close of the plaintiffs' evidence. A new trial will be ordered.

Although we do not decide the question of mitigation of damages, the plaintiffs stated, during oral argument of the appeal,

that they have a duty to minimize their damages. They say that upon retrial the defendant should be allowed to establish that, at the time of the assignment's breach, the subject property was worth more than $517,400, the original contract price. If the defendant carries such burden, the plaintiffs' damages should be reduced by the amount of such increased value of the land.

Consequently, the judgment of the trial court will be reversed and the case will be remanded for a new trial.

*Reversed and remanded.*